## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

RYAN LEE and SLIMECAT RODS,

   *Plaintiffs*,

vs.                                                                 Case No. 22-2021-EFM

JUSTIN FRICKE and TOUGHEST FRICKE'N RODS,

   *Defendants*.

## MEMORANDUM AND ORDER

On January 21, 2022, the Court heard evidence and argument relating to the Motion for Injunctive Relief of Plaintiffs Ryan Lee and Slimecat Rods. (Doc. 2). A party seeking injunctive relief must show: (1) that there is a substantial likelihood it will eventually prevail on the merits; (2) that it will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damages the proposed injunction may cause the opposing parties; and (4) that the injunction, if issued, would not be adverse to the public interest.[1] "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must

---

[1] *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Wilderness Workshop v. BLM*, 531 F.3d 1220, 1223 (10th Cir. 2008))..

be clear and unequivocal."[2]  Whether to grant or deny a preliminary injunction rests within the discretion of the district court.[3]

As stated at the conclusion of the hearing, the Court finds Plaintiffs have failed to demonstrate that the social media accounts addressed by their motion are the property of the partnership.  As a result, Plaintiffs have not demonstrated a likelihood of success on the merits so as to justify blocking Defendants from accessing to those accounts.

Accordingly, and as further stated at the hearing, the Temporary Restraining Order of January 13, 2022 (Doc. 8) is and has been **DISSOLVED,** effective 4:30 p.m. Central Time, January 21, 2022.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Injunctive Relief (Doc 2) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 25th day of January, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *Id*. at 1281.

[3] *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 55 F.3d 769, 776 (10th Cir. 2009) (citations omitted).